UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

DANIEL WELCH,

        Plaintiff,                      Civil No. 09-472-HA

        v.                             OPINION AND ORDER

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

HAGGERTY, District Judge:

      Plaintiff brings this action requesting judicial review of a decision by the Commissioner of the Social Security Administration (SSA) denying his application for Supplemental Security Income (SSI) benefits. Plaintiff seeks an order reversing the Commissioner's decision and remanding this case for further proceedings. After reviewing the record of this case and evaluating counsel's arguments, this court concludes that this action must be remanded for the calculation and award of benefits. The decision of the Commissioner denying plaintiff's

1 - OPINION AND ORDER

application is reversed and this action is remanded to the SSA for the calculation and award of SSI benefits.

## ADMINISTRATIVE HISTORY

Plaintiff applied for SSI benefits on February 28, 2005, alleging that he has been unable to maintain employment since February 14, 2005 because of disabilities including, initially, "amputated toes, chronic bronchitis, and dyslexia." Tr. 44.[1] This application was denied initially and upon reconsideration. A hearing was conducted before an Administrative Law Judge (ALJ), and on June 27, 2008, the ALJ issued a ruling concluding that although plaintiff suffered severe impairments arising from the "status post amputation of toes and parts of both feet," paranoid schizophrenia, and moderate difficulties in social functioning, he was ineligible for SSI benefits. Tr. 14, 15. Plaintiff appealed unsuccessfully to the SSA Appeals Council, and then sought judicial review.

## FACTUAL BACKGROUND

Plaintiff was fifty-one years old at the time of his alleged disability onset date. He has a twelfth grade education and no past relevant work experience. Other details of plaintiff's medical history will be reviewed as necessary in this ruling's analysis.

## STANDARDS

To establish eligibility for benefits, a plaintiff has the burden of proving an inability to engage in any substantial gainful activity (SGA) "by reason of any medically determinable

---

1   Citations beginning with "Tr." refer to pages in the official transcript of the administrative record filed with the Commissioner's Answer.

2  - OPINION AND ORDER

physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits because of disability. 20 C.F.R. §§ 404.1520, 416.920; *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).

First, the Commissioner determines whether the claimant is engaged in SGA. If the claimant is so engaged, benefits are denied.

If not, the Commissioner proceeds to step two and determines whether the claimant has a medical impairment that meets the regulatory definition of "severe." 20 C.F.R. §404.1520(a). If the claimant lacks such impairments, disability benefits are denied. 20 C.F.R. § 404.1520(c).

If at least one of the claimant's impairments is severe, the Commissioner proceeds to the third step to determine whether the impairment is equivalent to one or more impairments that the Commissioner has recognized to be so severe that they are presumed to preclude SGA. *See* 20 C.F.R. § 404.1520(d). These are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listing of Impairments"). If the claimant's condition meets or equals one in the Listing of Impairments, the claimant is presumed conclusively to be disabled.

If the impairment is not one that is presumed to be disabling, the Commissioner determines the claimant's Residual Functional Capacity (RFC), which is the most an individual can do in a work setting despite the total limiting effects of all the claimant's impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1) and Social Security Ruling (SSR) 96-8p.

Upon the establishment of the claimant's RFC, the ALJ proceeds to the fourth step to determine whether the impairment prevents the claimant from engaging in work that the claimant
3 - OPINION AND ORDER

has performed in the past. If the claimant is able to perform his or her former work, a finding of "not disabled" is made and disability benefits are denied. *See* 20 C.F.R. § 404.1520(e).

If the claimant is unable to perform work that he or she has performed in the past, the Commissioner proceeds to the fifth and final step to determine if the claimant can perform other work in the national economy in light of his or her age, education, and work experience.

In this five-step framework used by the Commissioner, the claimant has the burden of proof as to steps one through four. Accordingly, the claimant bears the initial burden of establishing his or her disability.

However, in step five, the burden shifts to the Commissioner to show there are a significant number of jobs in the national economy that the claimant can perform given his or her RFC, age, education, and work experience. *Hoopai*, 499 F.3d at 1074-75 (citations omitted).

If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits under the Act. *See* 20 C.F.R. § 404.1520(f)(1). If the Commissioner meets this burden, the claimant is deemed not disabled for purposes of determining benefits eligibility. 20 C.F.R. §§ 404.1566, 404.1520(g).

The Commissioner's decision must be affirmed if it is based on proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097-98 (9th Cir. 1999) (citations omitted); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (citations omitted). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citations and quotations omitted).

4  - OPINION AND ORDER

This court must uphold the Commissioner's denial of benefits even if the evidence is susceptible to more than one rational interpretation, as long as one of the interpretations supports the decision of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citation omitted). The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098 (quotation and citation omitted).

The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances in which the evidence would support either outcome. *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003) (citation omitted). A decision to deny benefits may be set aside only if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record. *Benton*, 331 F.3d at 1035.

## QUESTION PRESENTED

Plaintiff contends that this court should reverse the Commissioner's final decision and either award SSI benefits or remand this action for further proceedings, primarily because the ALJ inadequately evaluated the medical evidence presented by treating psychologist Bruce Neben, Psy. D., and failed to properly credit evidence of functional limitations presented by plaintiff and lay witness, Russ Warner. The court agrees.

## DISCUSSION

### 1. The ALJ's evaluation of Dr. Neben's medical opinions

Plaintiff treated with Dr. Neben from March 2006 through February 2007. Symptoms that the doctor treated include confusion, blackouts and hallucinations. Tr. 313.

Doctor Neben opined that plaintiff's productivity was functionally impaired and that he would have significant difficulties maintaining employment. Tr. 315. He found plaintiff's

"thought process" to be "disorganized." Tr. 318. Doctor Neben concluded that plaintiff was "unable to obtain or maintain employment due to his severe thought disorder." *Id*.

Plaintiff asserts that the ALJ failed to consider this opinion. Instead, the ALJ reported that plaintiff was able to stay "on task throughout the hearing" and concluded that plaintiff was capable of sustained concentration. Tr. 18. Plaintiff argues that the ALJ's error in failing to consider, address, or credit Dr. Neben's opinions compels reversal.

In response, counsel for the SSA challenges whether Dr. Neben was a licensed psychologist when treating plaintiff. Counsel alleges to have developed evidence from which it could be inferred that Dr. Neben was not a licensed psychologist in Oregon and, if he were not, then the standards under which to evaluate the ALJ's consideration of his opinions would be affected.

The question counsel wishes to advance here is whether the ALJ should have construed Dr. Neben as a licensed psychologist, and so understood that the doctor's opinions were to be evaluated pursuant to regulations that apply to "acceptable medical sources," or, if instead, the ALJ should have viewed Dr. Neben as an "other source" whose opinions as to plaintiff's impairment severity and functional limitations are evaluated under different standards. *See* 20 C.F.R. 416.927(d)(2), Social Security Ruling (SSR) 96-2p and SSR 06-3p. Because any adequate evaluation of Dr. Neben's opinions is lacking in the record before the court, that question is moot.

The responsibility for accurately representing and ascertaining the credentials of medical sources rests with counsel. Challenges to credentials are best advanced and resolved while the action remains before the Commissioner.

6  - OPINION AND ORDER

In this case, defense counsel's *post hoc* arguments questioning Dr. Neben's qualifications when treating plaintiff appear to be an effort to rationalize an analysis of his opinions that was insufficient or lacking. This effort is unpersuasive.

Similarly, counsel's suggestions that the ALJ should be assumed to have considered and evaluated Dr. Neben's opinions because there is a reference to plaintiff's rating from a global assessment of functioning (GAF) administered by Dr. Neben, and because the ALJ wrote that "[t]he undersigned has also considered opinion evidence" and mentioned "considering the evidence of record" in the ruling, are specious. Resp. at 8.

Doctor Neben noted on an evaluative form that plaintiff would have "significant difficulties maintaining employment." Tr. 315. The doctor opined that although plaintiff's "thought is clear and goal directed," closer examination reveals that "his thought process remains a bit disorganized." Tr. 318. "At this time [plaintiff] is unable to obtain or maintain employment due to his severe thought disorder." *Id*.

Even assuming without deciding that the ALJ was free to fall short of the standards for evaluating the opinions of Dr. Neben as an acceptable medical source who was treating plaintiff as a licensed psychologist, the doctor's opinions as to plaintiff's impairment severity and functional limitations nevertheless required careful evaluation as "other source" opinions. SSR 06-3p.

Defense counsel's alternative argument that the ALJ's conclusions could be construed as "not rejecting" the opinions at issue because those opinions can be construed as consistent with the ALJ's assessment of plaintiff's RFC approaches frivolity. Resp. at 8.

The ALJ determined that plaintiff could perform light work:

7  - OPINION AND ORDER

>He can read, write, add and subtract at a simple level. He is able to sit eight hours during a full-time eight hour workday with normal breaks. He is able to stand and/or walk 30 minutes at one time for a total of six hours during a full-time eight-hour workday. He is able to lift at least 30 pounds. He must avoid climbing ladders, scaffolds and ropes. Due to the amputation of his toes, he must avoid balancing, crouching and squatting. He must avoid unprotected heights, vibration, and hazards. He cannot operate foot controls, although he may ride a bicycle. He is limited to simple, routine and repetitive tasks.

Tr. 15-16.

This RFC analysis omits any reference to functional limitations relating to plaintiff's possible severe thought disorder and disorganized thought process. To suggest that the RFC analysis could be viewed as consistent with Dr. Neben's opinions is facially inaccurate. In absence of any adequate evaluation of the opinions, the court is compelled to remand this case.

Relatedly, the RFC analysis omits adequate reference to the ALJ's contemporaneous conclusions that plaintiff suffers moderate difficulties in social functioning. Tr. 15. Defense counsel's repeated assertions[2] that there was no evidence presented to support a conclusion that plaintiff faces at least moderate difficulties in social functioning contradicts the ALJ's explicit finding. The argument also ignores evidence in the record, including Dr. Neben's uncontradicted opinion that plaintiff manages his affairs to reduce stress and maintain the appropriate amount of

---

2   "Despite the ALJ's findings that Plaintiff has paranoid schizophrenia and moderate limitations in social functioning, there is no competent evidence from an acceptable medical source to establish the existence of a mental impairment, and no evidence of any kind that Plaintiff is moderately limited in his social functioning." Resp. at 6.

"[T]here is no evidence that Plaintiff is limited in his social functioning despite the ALJ's finding of moderate limitations in this area. Resp. at 12.

"Notwithstanding his finding at the third step of the sequential disability evaluation process that Plaintiff has moderate limitations in social functioning, there is no evidence that Plaintiff is limited in this area." Resp. at 13.

8   - OPINION AND ORDER

social contact, and suffers a significant thought disorder. Tr. 337, 318. The ALJ also noted lay testimony, which in part addressed plaintiff's difficulties in concentrating and maintaining attention. Tr. 17; Tr. 357-59.

Simply repeating incorrectly that the ALJ's explicit finding regarding plaintiff's moderate difficulties in social functioning is unsupported fails to erase that finding from the record, and fails to excuse the omission of a social functioning limitation in plaintiff's RFC. Accordingly, defense counsel's inaccurate assertion that "the ALJ permissibly omitted [a social functioning] limitation from her assessment of Plaintiff's residual functional capacity" because "the record lacks substantial evidence that Plaintiff is limited in his social functioning" is rejected. Resp. at 13.

An ALJ may reject the contradicted opinion of a treating or examining physician by stating specific and legitimate reasons, and may reject an uncontradicted opinion from a treating or examining physician by providing clear and convincing reasons, supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005); *see also Lester v. Chater*, 81 F.3d 821, 830-32 (9th Cir. 1995) (ALJ must provide clear and convincing reasons for rejecting uncontroverted expert opinions, and must provide specific, legitimate reasons for rejecting controverted expert opinions).

Generally, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than a reviewing physician's conclusions. *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001); *Lester*, 81 F.3d at 830; *see also Carmickle v. Comm'r.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (opinions from

doctors with the most significant clinical relationship with the claimant are generally entitled to more weight than opinions from doctors with lesser relationships).

An ALJ must give weight not only to the treating physician's clinical findings and interpretation of test results, but also to the doctor's subjective judgments. *Lester*, 81 F.3d at 832-33 (citation omitted). Although a treating physician's opinion "is generally afforded the greatest weight in disability cases, it is not binding on an ALJ with respect to the existence of an impairment or the ultimate determination of disability." *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.1989)). An ALJ need not accept a treating physician's opinion that is conclusory or brief. *Tonapetyan*, 242 F.3d at 1149 (citing *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992)). Similarly, an ALJ may discredit the opinions of a treating physician that are unsupported by objective medical findings. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (ALJ need not accept the opinion of a treating physician "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole").

Doctor Neben's opinions are sufficiently detailed and supported by clinical evidence and the record as a whole to have warranted significant weight and at least specific reasons for their rejection. While an ALJ is not bound by a physician's opinion on the issue of disability, the ALJ must comply with the requirements to reject contradicted opinions of a treating physician with specific and legitimate reasons, and to reject uncontradicted opinions from a treating physician with clear and convincing reasons, supported by substantial evidence in the record. *Bayliss*, 427 F.3d at 1216. The ALJ failed to meet these standards regarding Dr. Neben's opinions. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).

10 - OPINION AND ORDER

Plaintiff's objections regarding the ALJ's truncated consideration of lay testimony that plaintiff presented also warrants analysis. Ross Edward Warner testified on behalf of plaintiff at plaintiff's hearing before the ALJ. Warner testified that plaintiff can stand on his feet for only a few minutes at a time before he suffers great pain, plaintiff is compelled to elevate his feet and is unable to walk normally, plaintiff suffers coughing spells three or four times a day, sometimes lasting for seven or eight minutes (sometimes rendering plaintiff unconscious), and plaintiff suffers difficulties in concentrating. Tr. 357-59.

In determining whether a claimant is disabled, an ALJ is required to consider lay witness testimony concerning a claimant's ability to work. *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009) (citing *Stout v. Comm'r*, 454 F.3d 1050, 1053 (9th Cir. 2006)). Such testimony is competent evidence and cannot be disregarded without comment. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). An ALJ electing to disregard the testimony of a lay witness must do so by providing specific reasons "that are germane to each witness." *Id.*; *Stout*, 454 F.3d at 1054 (the ALJ, not the district court or the counsel for the Commissioner, must provide specific reasons for rejecting lay testimony).

The ALJ acknowledged considering evidence from Warner that plaintiff "has difficulties breathing, squatting, kneeling, lifting, climbing, standing, completing tasks and walking" and "difficulties concentrating and maintaining attention." Tr. 17. The ALJ opined that this evidence is in conflict with plaintiff's treatment history and "activities of daily living." Tr. 18. The ALJ also indicated that the evidence was "considered with caution" because "Warner has a personal relationship with the claimant and lacks the expertise and possibly the motivation to offer an objective or functional assessment." *Id*.

11 - OPINION AND ORDER

These rationalizations fail as germane, specific reasons for ignoring Warner's testimony. Declaring simply that the evidence conflicts with the ALJ's view of plaintiff's daily life and treatment history, and discounting the evidence because Warner has a personal relationship with plaintiff, eviscerates the principle that lay testimony – from people with personal relationships with SSA's claimants – must be accepted as competent evidence and addressed specifically and fairly.

Whether to remand for an award of benefits, or for further proceedings, is a matter of judicial discretion. *Harman v. Apfel*, 211 F.3d 1172, 1177 (9th Cir. 2000). A remand for further proceedings is unnecessary if the record is fully developed and it is clear from the record that the ALJ would be required to award benefits. *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). The rule recognizes "the importance of expediting disability claims." *Id*. In cases in which it is evident from the record that benefits should be awarded, remanding for further proceedings would delay effectuating the primary purpose of the Social Security Act, which is to give financial assistance to disabled persons because they cannot sustain themselves. *Id*.

A reviewing court should credit evidence and remand for a finding of disability and an award of benefits if: (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues to be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if the evidence in question were credited. *Smolen*, 80 F.3d at 1292.

Under these standards, a remand for a finding of disability and an award of benefits is appropriate here. When evaluating the opinions and conclusions of Dr. Vandiver and with the

proper weight given to those opinions, it is clear from the record that plaintiff's severe impairment renders him incapable of full-time employment.

When it is clear from the record that the ALJ would be required to find the claimant disabled if the evidence in question were credited, additional proceedings are unnecessary to determine plaintiff's entitlement to benefits.  *See Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996) (remanding for an award of benefits is appropriate where the record is fully developed, and further proceedings "would serve no useful purpose").

The record presented establishes that plaintiff cannot perform any SGA that exists in the national economy, and the case need not be returned to the ALJ.  *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004).  "Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication."  *Id*. (citations omitted).  As the *Benecke* court summed up:

> Remanding a disability claim for further proceedings can delay much needed income for claimants who are unable to work and are entitled to benefits, often subjecting them to tremendous financial difficulties while awaiting the outcome of their appeals and proceedings on remand.

*Benecke*, 379 F.3d at 595 (citations and internal quotations omitted).

## **CONCLUSION**

Given the foregoing, there are no outstanding issues in this matter that require resolution. The court concludes that the record is fully developed and that further administrative proceedings would serve no useful purpose.  Under the applicable standards, and after giving the evidence in the record the effect required by law, this court finds that plaintiff is unable to engage in any substantial gainful activity by reason of his impairment, and he is disabled under the Act.  The final decision of the Commissioner is reversed, and this case is remanded to the

13 - OPINION AND ORDER

Commissioner for the proper calculation and award of SSI benefits on behalf of plaintiff Daniel Welch.

IT IS SO ORDERED.

DATED this   21   day of May, 2010.

                                                /s/ ANCER L. HAGGERTY  
                                                 ANCER L. HAGGERTY  
                                              United States District Judge